UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.,* No. 04-cv-1923

GEORGE B. DANIELS, United States District Judge:

The Estate of John P. O'Neill, Sr., and individuals John P. O'Neill, Jr., Christine O'Neill, Carol O'Neill, and Dorothy O'Neill (collectively "*O'Neill* Plaintiffs") first brought suit on March 10, 2004 against the International Islamic Relief Organization, the Muslim World League, the World Assembly of Muslim Youth, and Yassin Kadi (collectively "*O'Neill* Defendants"), among others, stemming from the terrorist attacks of September 11, 2001 (the "9/11 Attacks").[1] (*See* Class Action Compl., *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.,* No. 04-cv-1923 (S.D.N.Y. Mar. 10, 2004), ECF No. 1.) In the First Consolidated Complaint ("FCC"), *O'Neill* Plaintiffs filed a class action complaint alleging that *O'Neill* Defendants conspired with and provided material support to the perpetrators of the 9/11 Attacks. (*See generally* FCC, ECF No. 1570.)[2] On January 15, 2020, *O'Neill* Plaintiffs filed a motion to certify a class. (*See* Mot. for Class Certification, ECF No. 5675.) *O'Neill* Defendants opposed the motion. (*See* Opp'n, ECF No. 6030.)

---

[1] Plaintiffs also moved for class certification against Defendants who have already defaulted or been dismissed from this multidistrict litigation. (*See, e.g.*, Mar. 9, 2023 Mem. Decision and Order, ECF. No. 8911, at 30 (dismissing Dubai Islamic Bank for lack of personal jurisdiction).)

[2] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on Sept. 11, 2001,* No. 03-md-1570.

Before this Court is Magistrate Judge Sarah Netburn's January 22, 2021 Report and Recommendation (the "Report"), recommending the denial of the *O'Neill* Plaintiffs' motion for class certification. (Report, ECF No. 6601, at 2.) Because *O'Neill* Plaintiffs filed timely objections, (Objs. (the "Objections"), ECF No. 6644), this Court undertakes a *de novo* review of the Report. After doing so, this Court ADOPTS Magistrate Judge Netburn's Report in full, finding that *O'Neill* Plaintiffs have failed to demonstrate that class certification is proper under Federal Rule 23 of Civil Procedure. The *O'Neill* Plaintiffs' motion for class certification is DENIED.

## I.   BACKGROUND[3]

Magistrate Judge Netburn appropriately surveyed the history of this multidistrict litigation, the Victim's Compensation Fund ("VCF") enacted by Congress, and the resolution of motions to dismiss filed by several *O'Neill* Defendants. (*See* Report at 2–5.) *O'Neill* Plaintiffs are the estate and surviving family members of John P. O'Neill, Sr., who died on September 11, 2001 in New York. (*Id.* at 4.) *O'Neill* Plaintiffs move under Federal Rule 23(a) and 23(b)(3) to certify a class according to a modified version of the definition of the class contained within the FCC. (*See id.* at 5.) The class proposed by *O'Neill* Plaintiffs (the "Proposed Class") consists of the "legal representatives of [innocent] decedents, and those decedents' spouses, children, parents, or siblings, who died" in the 9/11 Attacks and are not already suing all *O'Neill* Defendants. (*See id.* at 5–6.) The Proposed Class Representatives are the Estate of John P. O'Neill, Sr., and his surviving mother, father, wife, and children. (*Id.* at 6.)

---

[3] This Court assumes familiarity with the general background of this case and will only restate relevant factual background as necessary to address the pending motion. Because this Court adopts the Report, this Court refers to facts detailed in the Report throughout this opinion.

## II. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. *Id.* However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Class Certification

To be certified, a putative class must satisfy the "four prerequisites set forth in Rule 23(a): numerosity, commonality, typicality, and adequacy." *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010). "In addition to the four factors enumerated in Rule 23(a), there is an 'implied requirement that the membership of the class is identifiable and ascertainable.'" *In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 203 (S.D.N.Y. 2018) (citation omitted).

Class certification must also be "appropriate under one of the three subdivisions of Rule 23(b)." *Brown*, 609 F.3d at 476. Pursuant to Rule 23(b)(3), a court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The movant must establish each of Rule 23's requirements by a "preponderance of the evidence." *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008).

### III. *O'NEILL* PLAINTIFFS HAVE FAILED TO SHOW THAT CLASS CERTIFICATION IS PROPER UNDER RULE 23

#### A. *O'Neill* Plaintiffs Do Not Satisfy All of Rule 23(a)'s Requirements

The Report accurately established that the Proposed Class fails to comport with Rule 23(a)'s numerosity, typicality, and adequacy requirements. (Report at 20–25.) This Court concurs with the Report that such failure necessitates the denial of class certification.

*1. Numerosity*

Magistrate Judge Netburn properly found that despite the Proposed Class consisting of approximately 5,130 individuals and estates, the existence of "established streamlined procedures for adding large numbers of new plaintiffs to individual cases" in this multidistrict litigation indicates that joinder remains practical and that Rule 23(a)'s numerosity requirement is not satisfied. (Report at 21.) *O'Neill* Plaintiffs dispute the Report's conclusion regarding numerosity, alleging that the Report relied upon "a single unpublished opinion" in assessing the practicality of joinder. (Objs. at 21.) Given that the Report quoted a published Second Circuit opinion for the proposition that "the numerosity requirement is not strictly mathematical but must take into account the context of the particular case," *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014), such Objections are unavailing. (*See also* Defs.' Resp. to Objs., ECF No. 6712, at 22–23.) The Proposed Class fails to meet the numerosity requirement in light of the feasibility of joinder in this long-running multidistrict litigation.

### 2. Typicality

Rule 23(a)'s typicality requirement demands that "each member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Barrows v. Becerra*, 24 F.4th 116, 131–32 (2d Cir. 2022) (citation omitted). *O'Neill* Plaintiffs are not typical of the Proposed Class because they raise "state-law claims accrued in New York and may be timely, whereas Proposed Class members' claims that accrued elsewhere, including in Virginia or Pennsylvania, may not be." (Report at 24.) *O'Neill* Plaintiffs argue that the O'Neills are typical of the Proposed Class given that 92.5% of the victims of the 9/11 Attacks perished in New York. (Objs. at 22–23.) They allege that concerns about Virginia or Pennsylvania claims being time-barred are an insufficient basis for denying class certification and are capable of resolution "on a wholesale basis, with or without a class." (*Id.* at 23.) However, *O'Neill* Plaintiffs "lack incentive" to zealously litigate weighty tolling questions, and the number of Proposed Class members raising state-law claims that accrued elsewhere "is hardly small in an absolute sense," given the scope of the tragedy. (*See* Defs.' Resp. to Objs. at 24–25.) This Court therefore finds that the Proposed Class fails to meet the typicality requirement because of the assortment of different state-law claims.

### 3. Adequacy

*O'Neill* Plaintiffs are also inadequate representatives because they have previously participated in the VCF by submitting a claim on behalf of the estate of decedent John P. O'Neill, Sr. (Report at 25.) VCF participation waived claims relating to the 9/11 Attacks, save those that seek recovery of "collateral source obligations" or satisfy a heightened standard to prove liability. (*Id.* (citing Air Transp. Safety & System Stabilization Act, Pub. L. No. 107-42, § 405(c)(3)(B)(i), 115 Stat. 230, 239–40 (2001) (codified as amended at 49 U.S.C. § 40101 note)).) Magistrate Judge

Netburn rightly determined that "the discrepancy between the possible claims available to waiver and non-waiver plaintiffs is significant." (*Id.*)

*O'Neill* Plaintiffs argue that the waiver of claims applies only to the individual VCF applicant, rather than the entire family of the victim, and that 97% of 9/11 families participated in the VCF. (Objs. at 24.) *O'Neill* Plaintiffs, however, fail to provide any authority to support the proposition that VCF waivers apply only to individual VCF applicants. (*See also* Defs.' Resp. to Objs. at 24–25.) Furthermore, ninety-seven 9/11 families did not participate in the VCF. (*See id.* at 25 (citing Objs. at 24).) Magistrate Judge Netburn properly recognized that the sizeable number of "non-waiver plaintiffs may wish to press different litigation strategies or pursue different claims more vigorously." (Report at 25.) *O'Neill* Plaintiffs are not adequate representatives for Rule 23(a) purposes.

### B. *O'Neill* Plaintiffs Fail to Satisfy Either of Rule 23(b)(3)'s Requirements

The Report also appropriately found that the Proposed Class does not meet the twin predominance and superiority requirements of Rule 23(b)(3), providing an additional basis for the denial of the motion for class certification.

*1. Predominance*

Although "significant common questions" with respect to liability exist, Magistrate Judge Netburn accurately concluded that individual matters predominate because of the variousness of state-law questions and the personalized nature of damages inquiries.[4] (*See* Report at 8–16.) The

---

[4] *O'Neill* Defendants note that *O'Neill* Plaintiffs bring claims under the Anti-Terrorism Act ("ATA"), which implicates issues of citizenship. (Defs.' Resp. to Objs. at 16.) "[T]he ATA permits claims only by an injured 'national of the United States . . . or his or her estate, survivors, or heirs' . . . ." (Mar. 30, 2023 Mem. Decision and Order, ECF No. 8973, at 5 (quoting 18 U.S.C. § 2333(a)).) *O'Neill* Plaintiffs assert that 91.5% of those killed in the 9/11 Attacks were U.S. citizens. (Objs. at 14.) The need for individualized proof of nationality in the context of the ATA's standing requirements provides an additional instance of individualized inquiries predominating other common questions. (*But see* Report at 14.)

6

Report emphasized that the Proposed Class "consists of individuals (and estates) of an unknown number of residences" with claims based upon the crash sites in New York, Pennsylvania, and Virginia, raising a series of litigant-specific choice-of-law questions. (*Id.* at 12–13.) The Report similarly found that calculating damages awards would require weighing several highly individualized considerations. (*Id.* at 15–16.)

*O'Neill* Plaintiffs insist that common questions of law or fact predominate over individualized questions, arguing that Second Circuit precedent demands a district court consider the certification of a liability-only issue class under Rule 23(c)(4) before conducting the Rule 23(b)(3) predominance analysis. (*See* Objs. at 10–11 (*citing In re Nassau County Strip Search Cases*, 461 F.3d 219, 226–27 (2d Cir. 2006)); Reply in Supp. of Objs., ECF No. 6756, at 4–5.) Accordingly, *O'Neill* Plaintiffs assert that Magistrate Judge Netburn's possibly "premature" consideration of the individualized nature of the damages inquiry "failed to isolate the liability-only portion of the case . . . ." (Objs. at 10.) *O'Neill* Defendants in turn suggest that this argument "over-read[s]" the permissive language of *Nassau County* and fails to comport with more recent Second Circuit precedent. (Defs.' Resp. to Objs. at 14–15.)

Regardless of the parties' disagreement over *Nassau County*, isolating liability would not solve the *O'Neill* Plaintiffs' predominance problem. When individual liability-related questions exist apart from litigant-specific damages inquiries, certification of a liability-only issue class is not appropriate. *See Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, No. 14 Civ. 9764 (KPF) (SN), 2018 WL 1831850, at *10 (S.D.N.Y. April 17, 2018); (*see also* Defs.' Resp. to Objs. at 15). In *Royal Park Investments v. Wells Fargo Bank*, the range of statutes of limitations across jurisdictions necessitated individualized liability determinations and therefore defeated certification of a liability-only class. 2018 WL 1831850, at *8, *10. *O'Neill* Plaintiffs' failure to

provide guidance as to how this Court should address these choice-of-law concerns similarly thwarts the certification of both a predominance class under Rule 23(b)(3) and a narrower liability-only issue class under Rule 23(c)(4). (*See* Report at 13.)

   2. *Superiority*

The Report also properly determined that class certification would not provide a superior means for case management, especially considering the substantial carve-outs to the Proposed Class and the effectiveness of this decades-long multidistrict litigation in administering claims stemming from the 9/11 Attacks.[5] (Report at 17–20.) Magistrate Judge Netburn noted that many individual members of the Proposed Class have opted to proceed with claims against other Defendants in this multidistrict litigation or with claims against only some of *O'Neill* Defendants, but not with claims against all *O'Neill* Defendants. (*See id.* at 17; Defs.' Resp. to Objs. at 2.) Thus, an approach more attentive to the preferences of individual litigants is superior.

*O'Neill* Plaintiffs object to the Report's supposed identification of "phantom ethical issues" and the alleged zero-sum comparison between a class action and multidistrict litigation. (*See generally* Objs. at 15–21.) *O'Neill* Plaintiffs, however, fail to provide a "persuasive argument" for certifying a Proposed Class that includes plaintiffs who have chosen not to proceed with claims against all *O'Neill* Defendants. (Report at 19.) Most simply, *O'Neill* Plaintiffs fail to demonstrate the efficiencies and other benefits gained from certifying a class action. (*Id.* at 20.) The Proposed Class fails to meet the superiority requirement of Rule 23(b)(3) because of *O'Neill* Plaintiffs'

---

[5] *See* 28 U.S.C. § 1407(a) (prescribing that transfers for consolidated multidistrict proceedings "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."); (*see also* Report at 18 ("[A]lternative notice processes normally associated with class action litigation provide little marginal benefit in the context of this MDL, however. This MDL commenced in the wake of an internationally historic event. The ensuing proceedings have been ongoing for nearly 20 years, involving thousands of plaintiffs represented by numerous law firms.").)

8

inability to establish the relative benefits of class certification over the current case management processes in this multidistrict litigation.

## IV. THIS COURT GRANTS *O'NEILL* PLAINTIFFS' REQUEST TO ADD THE ESTATE OF JOHN F. O'NEILL AS A PARTY, BUT DENIES REQUESTS FOR LEAVE TO AMEND AND A STAY

Consistent with Magistrate Judge Netburn's recommendation, (Report at 25–26), this Court grants the *O'Neill* Plaintiffs' motion to add the Estate of John F. O'Neill as a party.[6] The Report further recommended denying without prejudice the *O'Neill* Plaintiffs' request for leave to amend the FCC to add additional plaintiffs, highlighting the *O'Neill* Plaintiffs' failure to provide an indication as to which individuals or estates might be added. (*Id.* at 26.) This Court adopts the Report's recommendation and denies without prejudice *O'Neill* Plaintiff's motion for leave to amend the FCC.

Finally, in their Objections, *O'Neill* Plaintiffs request "a stay of 180 days" if this Court denies class certification. (Objs. at 25.) A stay is appropriate when a party satisfies the four-factor analysis outlined in *Nken v. Holder*, 556 U.S. 418, 434 (2009). Here, *O'Neill* Plaintiffs argue that a stay is necessary to facilitate the notification "of as many claimants as possible about the pending litigation and add them to an existing suit." (Objs. at 25.) However, *O'Neill* Plaintiffs fail to apply the proper standard for a stay, do not raise any argument as to irreparable harm, and neglect the parties' and the public's compelling interests in bringing justice to the victims of the 9/11 Attacks through this litigation. This Court consequently denies the *O'Neill* Plaintiffs' request for a stay of these proceedings.

---

[6] Pending approval of the New York County Surrogate's Court, Magistrate Judge Netburn recommended granting the *O'Neill* Plaintiffs' motion to substitute deceased Plaintiff Dorothy A. O'Neill with Christine O'Neill, as personal representative to the Estate of Dorothy A. O'Neill. (Report at 25–26.) The Court has already granted the *O'Neill* Plaintiffs' motion to substitute. (*See* July 7, 2022 Order, ECF No. 8186.)

## V. CONCLUSION

This Court adopts Magistrate Judge Netburn's Report by denying the *O'Neill* Plaintiffs' motion for class certification, (ECF No. 5675), concluding that *O'Neill* Plaintiffs have failed to prove by a preponderance of the evidence that class certification is proper under Rule 23.

This Court also adopts the Report's recommendations to grant the *O'Neill* Plaintiffs' motion to add the Estate of John F. O'Neill as a Plaintiff. The *O'Neill* Plaintiffs' motion for leave to amend the First Consolidated Complaint is denied without prejudice. This Court further denies the *O'Neill* Plaintiffs' request for any stay of proceedings.

This Court directs the Clerk of Court to close the open motions at ECF No. 5675 in 03-md-1570 and ECF No. 705 in 04-cv-1923 accordingly.

Dated: July 31, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge