UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investments & Development Corp., et al.*, 04-CV-1923 (GBD) (SN)

**NOTICE OF MOTION BY NEW PLAINTIFFS AND ORIGINAL PLAINTIFFS TO ADD PARTIES AND RELATED RELIEF WITH CONSENT OF THE *O'NEILL* DEFENDANTS ("MOTION")**

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law and the Declaration of Jerry S. Goldman, Esq., along with the exhibits attached thereto, the plaintiffs listed in Appendix 1 ("Putative Class Plaintiffs"), the Estate of John P. O'Neill, Sr., John P. O'Neill, Jr., Christine O'Neill, Carol O'Neill, and the Estate of Dorothy O'Neill (the "Original Plaintiffs"), and the plaintiffs listed in Appendix 3 ("the Injury Plaintiffs") (The Putative Class Plaintiffs and the Injury Plaintiffs are collectively referred to herein as "New Plaintiffs" and "New Plaintiffs" together with the "Original Plaintiffs" are referred to herein as "Plaintiffs."), by and through undersigned counsel, with the consent of defendants Dubai Islamic Bank ("DIB"), World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively, "WAMY"), International Islamic Relief Organization ("IIRO"), Muslim World League ("MWL"), and Yassin Kadi ("Kadi") (collectively, "*O'Neill* Defendants"), respectfully move this Court for an Order:

    1.    Granting the Plaintiffs' motion pursuant to Fed. R. Civ. P. 15 and 21 to add New Plaintiffs as plaintiffs to the operative pleading at ECF No. 1570 against the *O'Neill* Defendants pursuant to Fed. R. Civ. P. 15 and 21; and

2

2.	Ordering that Plaintiffs need not serve (or re-serve) the Amended Complaint on the *O'Neill* Defendants; and

3.	Ordering that Plaintiffs need not serve (or re-serve) the amended Complaint on the *O'Neill* Defendants; and

4.	Ordering that all parties will be bound by all (i) prior and future dispositive and non-dispositive decisions in the case subject to applicable appellate rights, and (ii) all prior discovery orders, discovery schedules, and other scheduling orders.  New Plaintiffs will be in the same litigation position as the Original Plaintiffs who originally brought claims against DIB, WAMY, IIRO, MWL, and Kadi; and

5.	Ordering that the amendment supplements by incorporation into, but does not displace, the underlying complaint; and

6.	Ordering that the amendment does not affect any prior service, orders, or judgments entered in the case, and that prior service, orders, and judgments entered in the case remain in effect as to all parties; and

7.	Ordering that no *O'Neill* Defendant waives any defenses, including but not limited to lack of personal jurisdiction, by allowing plaintiffs not to re-serve the *O'Neill* Defendants; and

8.	Ordering that the *O'Neill* Defendants' prior responsive pleadings and motions to dismiss will be deemed to apply to the New Plaintiffs added through this motion. *O'Neill* Defendants preserve all rights to raise a defense, including but not limited to on the basis of personal jurisdiction, even though no new motion to dismiss or answer is required to be filed in response to the amended pleading; and

9. Ordering that briefing on any substantive issues involving the timeliness or viability of New Plaintiffs' claims is deferred to when plenary briefing is ordered on the case involving all MDL plaintiffs; and

10. Ordering that unexpired statutes of limitations were tolled while this Motion was pending against the *O'Neill* Defendants and continue to be tolled for two weeks following entry of this Order; and

11. Ordering that notwithstanding any other provision herein or in any related filing, the New Plaintiffs will be bound by the DIB dismissal decision (ECF No. 8911) subject to existing appellate rights, can join in any Federal Rule of Civil Procedure 54(b) motion against DIB, may be parties in any subsequent appeal against DIB, and agree to be bound by any ruling (favorable or unfavorable) by any appellate court as to DIB, and

12. Ordering that notwithstanding any other provision herein or in any related filing, the New Plaintiffs and the *O'Neill* Defendants will be bound by the Court's decision at ECF No. 2312; and

13. Ordering that a subset of New Plaintiffs who are listed in Appendix 4 to the proposed updated Complaint, and who are all Anderson Kill clients, be added as parties against all defaulted defendants in *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investments & Development Corp., et al.*, 04-CV-1923, and that Case Management Order #2, ECF No. 247, ¶ 12 applies to these Putative Class Plaintiffs such that re-service by these plaintiffs on the defaulted defendants is not required;[1] and

14. Ordering that Plaintiffs file the amended Complaint within 14 days of an Order granting the Motion; and

---

[1] The *O'Neill* Defendants take no position on this request for relief.

15. Granting such other and further relief that this Court deems just and proper.

Dated: New York, New York
February 15, 2024

Respectfully submitted,

/s/ *Jerry S. Goldman*

Jerry S. Goldman
Hon. Ethan Greenberg (Ret.)
Bruce Strong
Alexander Greene
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-279-1000
Fax: 212-278-1733
Email: jgoldman@andersonkill.com
  egreenberg@andersonkill.com
  bstrong@andersonkill.com
  agreene@andersonkill.com

*Attorneys for Putative Class Plaintiffs and Original Plaintiffs*