# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re Terrorist Attacks on September 11, 2001 | )     03 MDL 1570 (GBD)(SN) <br> ) <br> ) <br> ) <br> ) |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment & Development Corp., et al.*, 04-CV-1923 (GBD)(SN)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## BY NEW PLAINTIFFS AND ORIGINAL PLAINTIFFS
## TO ADD PARTIES AND RELATED RELIEF
## WITH CONSENT OF THE O'NEILL DEFENDANTS

Jerry S. Goldman
Hon. Ethan Greenberg (Ret.)
Bruce Strong
Alexander Greene
Anderson Kill, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

*Attorneys for New Plaintiffs
and Original Plaintiffs*

February 15, 2024

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 5

I.      THE COURT SHOULD PERMIT THE NEW PLAINTIFFS TO BE ADDED AS
        NAMED INDIVIDUAL PLAINTIFFS TO THE O'NEILL ACTION ............................ 8

        (A)     New Plaintiffs Satisfy Rule 15(a). ......................................................... 10

        (B)     New Plaintiffs Satisfy Rule 15(d). ......................................................... 13

        (C)     New Plaintiffs Satisfy Rule 21. ............................................................. 14

        (D)     While New Plaintiffs Need Not Satisfy the More Exacting Rule 16(b) "Good
                Cause" Standard to Be Added as Parties Against the O'Neill Defendants,
                They Nevertheless Satisfy this Standard as Well. ................................ 15

II.     CONCLUSION ........................................................................................................ 17

docs-100669238.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Arab Afr. Int'l Bank v. Epstein,
10 F. 3d 168 (3d Cir. 1993)........................................................................10

In re Arred Elec'l Contracting Corp.,
106 B.R. 353 (Bankr. S.D.N.Y. Sept. 22, 1989)....................................14

Bartels v. Inc. Vill. Of Lloyd Harbor,
No. 10-CV-5076 ADS GRB, 2012 WL 2576142 (E.D.N.Y. July 2, 2012)..............................8

Beckett v. Inc. Vill. of Freeport,
No. 11 Civ. 2163 (LDW) (AKT), 2014 WL 1330557 (E.D.N.Y. Mar. 31,
2014) ...................................................................................16

BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank,
Nat'l Ass'n,
No. 14CIV10067KPFSN, 2017 WL 3610511 (S.D.N.Y. Aug. 21, 2017)..............................15

Block v. First Blood Assocs.,
988 F. 2d 344 (2d Cir. 1993).......................................................11

duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.,
73 F.R.D. 313 (S.D.N.Y. 1976) ...................................................13

Fair Hous. Dev. Fund Corp. v. Burke,
55 F.R.D. 414 (E.D.N.Y. 1972) .................................................9, 14

Floyd v. City of New York,
770 F.3d 1051 (2d Cir. 2014)......................................................4

Forbes & Wallace, Inc. v. Chase Manhattan Bank,
79 F.R.D. 563 (S.D.N.Y. 1978) ..................................................14

Jackson v. Odenat,
No. 09 Civ. 5583, 2012 WL 505551 (S.D.N.Y. Feb. 14, 2012) .............................13

Joshlin v. Gannett River States Publ. Corp.,
152 F.R.D. 577 (E.D. Ark. 1993)...................................................13

Kassner v. 2nd Ave. Delicatessen Inc.,
496 F.3d 229 (2d Cir. 2007)......................................................16

Ke v. 85 Fourth Ave. Inc.,
No. 07 CIV. 6897, 2009 WL 185949 (S.D.N.Y. Jan. 22, 2009)................................9

docs-100669238.1

# TABLE OF AUTHORITIES
## *(continued)*

**Page(s)**

Kotler v. Bosco,
   No. 917CV0394GTSML, 2019 WL 12291097 (N.D.N.Y. Nov. 4, 2019) ......................13, 14

Kresefky v. Panasonic Commc'ns & Sys. Co.,
   169 F.R.D. 54 (D.N.J. 1996)................................................................................12

Lacher v. Comm'r I.R.S.,
   32 Fed. Appx. 600 (2d Cir. 2002) .......................................................................12

McClean v. Scully,
   No. 90 Civ. 2590, 1991 WL 274327 (S.D.N.Y. Dec. 9, 1991)................................13

McGee v. Doe,
   568 Fed. Appx. 32 (2d Cir. 2014) .......................................................................11

Milanese v. Rusto-Leum Group,
   244 F.3d 104 (2d Cir. 2001)..........................................................................10, 12

In re NAHC, Inc. Sec. Lit.,
   306 F. 3d 1314 (3d Cir. 2002) ............................................................................10

Nelson v. Cty. of Allegheny,
   60 F.3d 1010 (3d Cir. 1995).................................................................................12

New York State Nat'l Org. for Women v. Cuomo,
   182 F.R.D. 30 (S.D.N.Y. 1998) ...........................................................................14

Parker v. Columbia Pictures Indus.,
   204 F.3d 326 (2d Cir. 2000).................................................................................15

Pasternack v. Shrader,
   863 F.3d 162 (2d Cir. 2017).................................................................................11

Salomon v. Adderley Indus., Inc.,
   960 F. Supp. 2d 502 (S.D.N.Y. 2013)..................................................................16

Soroof Trading Dev. Co. v. GE Microgen, Inc.,
   283 F.R.D 142 (S.D.N.Y. 2012) ..........................................................................10

Voilas v. Gen. Motors Corp.,
   173 F.R.D. 389 (D.N.J. 1997)....................................................................9, 10, 12

Watson v. Wright,
   No. 08 Civ. 960 (A)(M), 2011 WL 1118608 (W.D.N.Y. Jan. 11, 2011) ............15, 16

iii

# TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

**Other Authorities**

6A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1504
(3d ed. 2023) ................................................................................................................9, 13

6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §
1522.2 (3d ed.) ................................................................................................................15

7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1688
and n.19 (3d ed.) ................................................................................................................13

7C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1922
(3d ed.) ................................................................................................................................9

Fed. R. Civ. P. 15 ................................................................................................ *passim*

Fed. R. Civ. P. 16 ................................................................................................15, 17

Fed. R. Civ. P. 21 ................................................................................................ *passim*

Fed. R. Civ. P. 54 ................................................................................................3, 5, 7

docs-100669238.1

## PRELIMINARY STATEMENT

This action was commenced as a proposed class action in 2004 by the Estate of John P. O'Neill, Sr., and various members of his family (collectively, the "Original Plaintiffs"). Mr. O'Neill, a lifelong FBI Agent, was the Chief of Security for the World Trade Center. He was killed on September 11, 2001 while helping people to evacuate the World Trade Center after it was deliberately struck by terrorists operating two jet planes. Defendants include the International Islamic Relief Organization ("IIRO"), Muslim World League ("MWL"), World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively, "WAMY"), Yassin Kadi ("Kadi"), and Dubai Islamic Bank ("DIB") (collectively, the "O'Neill Defendants"). The O'Neill Defendants are alleged to have provided material support to the terrorists who carried out the coordinated attacks of September 11, 2001. The O'Neill Defendants dispute these allegations.

On January 22, 2021, Magistrate Judge Netburn recommended that the Court deny class certification. ECF No. 6601. Original Plaintiffs then raised with Judge Daniels objections to that report and recommendation on March 8, 2021 (ECF No. 6644). On July 31, 2023, Judge Daniels affirmed denial of class certification and denied, without prejudice, the O'Neill Plaintiffs' motion for leave to file an amended complaint. ECF No. 9243. Judge Daniels recognized the "feasibility of joinder" for new plaintiffs in this multidistrict litigation. *Id.* at 4.

We are seeking to file an amended complaint in this action to accomplish that joinder. There are over 7,200 individuals who fall within the putative class definitions in this action— (the "Putative Class Plaintiffs") (listed in Appendix 1 to the Motion) and a small handful of plaintiffs who were injured in the September 11 attacks (the "Injury Plaintiffs") (listed in Appendix 3 to the Motion)—who seek to be added to the instant action (collectively, the "New Plaintiffs"). The purpose of the proposed Amended Complaint, attached as Exhibit A to the

accompanying Declaration of Jerry S. Goldman, Esq. ("Goldman Decl."), is to only add the New Plaintiffs identified in the Appendices to Exhibit A.  The O'Neill Defendants all consent to this motion but do not waive any of their rights to challenge the factual allegations in the complaint and in the more definite statements or their defenses to such claims.

Undersigned counsel represents that the Putative Class Plaintiffs fell within the putative class definition of the First Consolidated Complaint, which includes "(1) all spouses, children, parents, or siblings of any individual who died at the World Trade Center in New York, NY, the Pentagon Building in Arlington County, Virginia, or the airliner crash in Shanksville, Pennsylvania, as a result of the terrorist attacks on September 11, 2001; and (2) all legal representatives (including executors, estate administrators and trustees) entitled to bring legal action on behalf of any individual who died at the World Trade Center in New York, NY, the Pentagon Building in Arlington County, Virginia, or the airliner crash in Shanksville, Pennsylvania, as a result of the terrorist attacks on September 11, 2001."[1]

The New Plaintiffs do not seek to add new allegations or causes of action against the O'Neill Defendants; they simply seek to join the existing O'Neill lawsuit with identical allegations.  All of the New Plaintiffs listed in Appendix 1 and 3 have also not previously brought any action against DIB and thus seek to be added as plaintiffs against DIB.  The New Plaintiffs fall into four different, sometimes overlapping groupings:

1. The Putative Class Plaintiffs in Appendix 1 seek to be added to the case against DIB and agree that this Court should order them and DIB bound to all prior dispositive and non-

---

[1] Some Putative Class Plaintiffs who died within two months of the attacks may not fall within the definition of the class as proposed in undersigned counsel's motion for class certification. *See* ECF No. 706 at 6-7. This may raise statute of limitations and tolling issues that will need to be resolved at a later date. The O'Neill Defendants reserve all rights, arguments, and defenses in connection with such arguments. *See infra* n. 2. Putative Class Plaintiffs reserve all rights, counter-arguments, and defenses in connection with such arguments as well.

dispositive rulings (including the dismissal of DIB on the grounds of the want of personal jurisdiction (ECF No. 8911)); after amendment, the Putative Class Plaintiffs then plan (along with all other plaintiffs with claims against DIB) to seek to reduce DIB's dismissal to a final judgment under Rule 54(b) and appeal that judgment to the Second Circuit.

2. The subset of the Putative Class Plaintiffs listed in Appendix 2 of the proposed Amended Complaint have not brought an action against the other O'Neill Defendants—IIRO, MWL, WAMY, and Kadi—and thus seek to be added as plaintiffs asserting claims against IIRO, MWL, WAMY and Kadi. The Putative Class Plaintiffs in Appendix 2 agree that this Court should order them, IIRO, MWL, WAMY and Kadi bound to all prior dispositive and non-dispositive rulings with respect to the remaining O'Neill Defendants (including the Order granting and denying motions to dismiss at ECF No. 2312).

3. Another subset, listed in Appendix 3, are the Injury Plaintiffs who allegedly suffered non-fatal injuries by the attacks of September 11, 2001 who have not brought a previous action against certain *O'Neill* Defendants as indicated in the appendix and thus seek to be added as plaintiffs asserting claims against the O'Neill Defendants as indicated in Appendix 3.[2]  The Putative Class Plaintiffs in Appendix 3 agree that this Court should order them bound to all prior

---

[2] The O'Neill Defendants maintain that the Injury Plaintiffs are not members of the putative class and thus do not have timely claims.  Plaintiffs maintain the Injury Plaintiffs have timely claims based upon theories in addition to putative class tolling.  Parties agree to defer briefing on any substantive issues involving the timeliness of the Injury Plaintiffs' and Putative Class Plaintiffs' claims to when plenary briefing is ordered in the case involving all MDL plaintiffs. The parties reserve all rights and arguments in connection with this later-contemplated plenary motion practice involving all MDL plaintiffs, subject to the parties' agreement.  For example, Plaintiffs reserve all arguments that their claims are timely, including tolling arguments, including equitable tolling or other tolling arguments, Congress's extension of any statute of limitations, the existence of tolling agreements and relation back principles, and any other legal theory.  The O'Neill Defendants reserve—and Plaintiffs agree that they do not waive or otherwise forfeit—their rights to challenge the timeliness of all claims, including claims brought by the Injury or Putative Class Plaintiffs.  O'Neill Defendants have not conceded or waived arguments that the claims of the Injury or Putative Class Plaintiffs are not time-barred or subject to laches as a result of this motion and related filings.

dispositive and non-dispositive rulings with respect to the remaining O'Neill Defendants (including the dismissal of DIB on the grounds of the want of personal jurisdiction (ECF No. 8911) and the Order granting and denying motions to dismiss at ECF No.  2312.[3] (The Original Plaintiffs together with the Putative Class Plaintiffs and Injury Plaintiffs are referred to herein as "Plaintiffs.")  Injury Plaintiffs also do not seek to add new allegations or causes of action against the O'Neill Defendants.

4.  A final subset of Putative Class Plaintiffs listed in Appendix 4 (who are all Anderson Kill clients), seek to be added as parties against all defaulted defendants in this case.

The proposed Amended Complaint is substantially identical in all respects to the current O'Neill pleading, ECF No. 1570, except for adding the New Plaintiffs identified above, removing class action allegations, removing dismissed defendants, adding several references to injuries, and correcting typographical errors.

The procedural devices of just adding parties either through Rule 15 or 21 who will abide by all previous dispositive and non-dispositive court orders in this MDL case, should be granted "when justice so requires," "on just terms," and are designed to balance the "efficient[] administrat[ion] [of] legal disputes by resolving all related [matters] in one lawsuit" with the need to ensure that the lawsuit does not become "unnecessarily complex, unwieldy or prolonged." Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 69 (2d Cir. 1994)). As explained in detail below, this Court has permitted the adding of additional plaintiffs in many other instances and has specifically identified joinder as a feasible solution for adding individual plaintiffs to this multi-

---

[3] The O'Neill Defendants reserve the right to argue that the New Plaintiffs' remaining O'Neill claims are also subject to dismissal and Plaintiffs reserve all rights and counter-arguments as well.

district litigation. Here, the most practical, equitable, and efficient means for the New Plaintiffs
to pursue their claims is for this Court to grant their Motion to be added to an existing case
subject to the conditions set forth below. *See infra* 8-14.

## BACKGROUND

On October 15, 2019, the Original Plaintiffs together with the O'Neill Defendants
proposed a briefing schedule for a class certification motion "to have the issue . . . briefed and
decided . . . prior to the final resolution of any dispositive motions so that the Parties will know
whether the putative class members will be bound by the resolution of those motions." Goldman
Decl., ¶ 7 (citing ECF No. 5210). In January 2020, the Original Plaintiffs filed a motion for class
certification. *Id.* at ¶ 8 (citing ECF No. 5675). Related filings include ECF Nos. 5676, 5754,
5755, 5756, 5757, 6030, 6031, 6064, 6065, 6095, 6098, and 6112. *Id.* On January 22, 2021,
Judge Netburn recommended denying class certification. *Id*. at ¶ 9 (citing ECF No. 6601).[4] The
parties' objections and responses were then fully briefed. *Id*. (citing ECF Nos. 6644, 6645, 6712,
6756). On July 31, 2023, Judge Daniels affirmed denial of class certification. *Id.* (citing ECF No.
9243). The Court denied without prejudice the *O'Neill* Plaintiffs' motion for leave to file an
amended complaint. *Id.*

Prior to Judge Daniels Order, the Court ordered dismissal of DIB from the MDL for lack
of personal jurisdiction. *Id*. at ¶ 10 (citing ECF No. 8911). Plaintiffs, after seeking DIB's consent
and the Court's permission, intend to seek a final Rule 54 judgment and appeal that personal
jurisdiction decision as expeditiously as possible following the resolution of this motion. *Id*. at ¶
11.

---

[4] The Original Plaintiffs moved in the alternative, should the Court deny class certification, for leave to
amend their First Consolidated Complaint to add certain plaintiffs, which Judge Netburn recommended
denying without prejudice.  *See* ECF No. 6601.  The Original Plaintiffs did not object to this portion of
the recommendation.  *See* ECF No. 6644.

While the class motion was pending, the Putative Class Plaintiffs, which includes over 3,200 Anderson Kill 9/11 clients and approximately 4,025 Ashton Plaintiffs, and the O'Neill Defendants agreed to toll all relevant, unexpired statutes of limitation until 14 days after a final ruling from this Court on class certification. *Id*. at ¶ 12 (citing ECF No. 9065 at 2). Following the Court's ruling on class certification, the tolling agreements were extended through February 16, 2024.

In light of the Court's denial of class certification, Plaintiffs and the O'Neill Defendants reached agreement regarding joinder of the New Plaintiffs. *Id*. at ¶¶ 14. Plaintiffs have filed this Motion with the consent of the O'Neill Defendants to implement the agreement. *Id*. at ¶ 15 .

Parties also agreed that if the Court denies leave to add parties, the O'Neill Defendants would agree to toll all unexpired statutes of limitation for fourteen (14) days after the adverse decision to allow counsel to meet and confer regarding filing a new complaint on behalf of the New Plaintiffs. *Id*. at ¶ 16.

Plaintiffs now jointly move with the consent of the O'Neill Defendants pursuant to Fed. R. Civ. P. Rules 15 and 21 for leave to add parties to the Complaint in the O'Neill action to include the New Plaintiffs as individual plaintiffs.

To ensure both fairness and judicial economy, and to fulfill the intent of the parties' agreement, Plaintiffs request that amendment be granted on the express conditions that:

1. Plaintiffs added through this motion would not need to re-serve the O'Neill Defendants.

2. All parties will be bound by all (i) prior and future dispositive and non-dispositive decisions in the case subject to applicable appellate rights, and (ii) all prior discovery orders, discovery schedules, and other scheduling orders. The parties intend and

6

agree that the New Plaintiffs will be in the same litigation position as the Original Plaintiffs who originally brought claims against DIB, WAMY, IIRO, MWL, and Kadi.

3. The amendment supplements by incorporation into, but does not displace, the underlying complaint.

4. The amendment does not affect any prior service, orders, or judgments entered in the case, and that prior service, orders, and judgments entered in the case remain in effect as to all parties.

5. No O'Neill Defendant waives any defenses, including but not limited to lack of personal jurisdiction, by allowing plaintiffs not to re-serve the O'Neill Defendants.

6. The O'Neill Defendants' prior responsive pleadings and motions to dismiss will be deemed to apply to the New Plaintiffs added through this motion. The O'Neill Defendants preserve all rights to raise a defense, including but not limited to on the basis of personal jurisdiction, even though no new motion to dismiss or answer is required to be filed in response to the amended pleading.

7. Unexpired statutes of limitations would continue to be tolled while the motion to add parties is pending and for two weeks following the disposition of this motion.

8. Notwithstanding any other provision herein or in any related filing, the New Plaintiffs will be bound by the DIB dismissal decision (ECF No. 8911) subject to existing appellate rights, can join in any Federal Rule of Civil Procedure 54(b) motion against DIB, may be parties in any subsequent appeal against DIB, and agree to be bound by any ruling (favorable or unfavorable) by any appellate court as to DIB.

9.  Notwithstanding any other provision herein or in any related filing, the New Plaintiffs and the *O'Neill* Defendants will be bound by the Court's decision granting and denying motions to dismiss at ECF No. 2312.

As detailed below, adding parties to the <u>O'Neill</u> action will not unduly delay or prejudice the adjudication of this case and this Court has previously permitted multiple requests to add plaintiffs to a related <u>O'Neill</u> action in this MDL which had obtained default against the Taliban. *See* ECF Nos. 7949, 8111, 8150, 8473, and 8695. *See also* ECF No. 9243 (recognizing "feasibility of joinder" in this complex multi-district litigation). But if this Court were to deny amendment, then the New Plaintiffs would need to file a new complaint against the O'Neill Defendants subject to meet and confer negotiations with the O'Neill Defendants.[5]

## I.   THE COURT SHOULD PERMIT THE NEW PLAINTIFFS TO BE ADDED AS NAMED INDIVIDUAL PLAINTIFFS TO THE <u>O'NEILL</u> ACTION

The Original Plaintiffs and New Plaintiffs move under Fed. R. Civ. P. 15(a) or (d) and 21 to amend the <u>O'Neill</u> Complaint, ECF No. 1570, to include the New Plaintiffs as individual plaintiffs.[6] See <u>Bartels v. Inc. Vill. Of Lloyd Harbor</u>, No. 10-CV-5076 ADS GRB, 2012 WL

---

[5] Additionally, a subset of Putative Class Plaintiffs listed in Appendix 4 to the proposed Amended Complaint, who are Anderson Kill clients, seek to be added as plaintiffs against all defaulted defendants in this case. The requested relief and reasoning for same is set forth in prior briefing requesting identical relief against the Taliban, which is incorporated by reference, *see, e.g.*, ECF No. 8692, and Court granted the identical requested relief as to the Taliban. *See, e.g.*, ECF No. 7949, 8111, 8150, 8473, and 8695. The *O'Neill* Defendants take no position on this requested relief.

[6] In prior motion practice before this Court, there was some confusion about whether Rule 15(a) or Rule 15(d) applied when updating a complaint. And because this Motion seeks to add parties, there is additional tension between Rule 15 and Rule 21. To be clear, Plaintiffs' desire to add parties without otherwise affecting any prior service, order, or judgment entered in the case, and the Court has previously endorsed such an approach on multiple occasions in Case Management Order #2 and in the short form orders applicable to Iran, the Kingdom of Saudi Arabia, and Sudan. <u>See</u> ECF No. 247, ¶ 12 (authorizing adding parties as supplemental pleadings without leave of the court and without requiring additional service on defendants); ¶ 13 (authorizing plaintiffs to file more definite statements or additional allegations against defendants in lieu of filing an additional amended complaint) and ¶ 14 (authorizing Federal Insurance to file a RICO statement incorporated by reference into earlier complaint); ECF No. 5234 at 7, 26, 31 (authorizing short forms for addition of new claims against Saudi Arabia and Iran, and

docs-100669238.1

2576142, at *5 (E.D.N.Y. July 2, 2012); see also 6A Charles Alan Wright & Arthur R. Miller,

Federal Practice & Procedure § 1504 (3d ed. 2023) ("Litigants also have been allowed to

supplement their original pleadings to include new parties when events make it necessary to do

so."); Case Management Order #2, ECF No. 247, ¶ 12; Wright & Miller, *supra*, § 1474 Types of

Amendments Permitted Under Rule 15(a) (collecting cases). Rule 15(a)(2) provides in relevant

part: "[A] party may amend its pleading only with the opposing party's written consent or the

court's leave. The court should freely give leave when justice so requires." Rule 15(d) in turn

provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to

serve a supplemental pleading" which includes adding additional plaintiffs, under applicable case

law. Wright & Miller, *supra*, § 1507 Supplemental Pleadings—Adding New Parties; Case

Management Order #2, ECF No. 247, ¶ 12; Fair Hous. Dev. Fund Corp. v. Burke, 55 F.R.D. 414,

422 (E.D.N.Y. 1972). Rule 21 adds that "[o]n motion or on its own, the court may at any time,

on just terms, add or drop a party." "The general standard" to add parties under Rule 21 "is the

same standard of liberality afforded to motions to amend pleadings under Rule 15." Burke, 55

F.R.D. at 419; Ke v. 85 Fourth Ave. Inc., No. 07 CIV. 6897, 2009 WL 185949, at *3 (S.D.N.Y.

Jan. 22, 2009) (granting motion to add parties). Indeed, this Court previously encouraged

plaintiffs to use Rule 15(d) to add parties without the need to re-serve defendants. See ECF No.

247, ¶ 12. And as discussed below, New Plaintiffs satisfy the applicable legal standard under

---

specifically providing that "[t]he amendment effected through this Notice to Conform supplements by
incorporation into, but does not displace, Plaintiffs' underlying Complaint" . . . "[t]he amendment
effected through this Notice of Amendment supplements by incorporation into, but does not displace, the
underlying Complaint"); see also ECF No. 6547 (Sudan). The Court has the authority to impose such a
condition, see 7C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1922 (3d ed.),
and such a condition will prevent relitigation of legal issues long since decided by this Court. Voilas, 173
F.R.D. at 399 (D.N.J. 1997) (granting motion to amend on condition "that the Union need not file any
responsive pleadings" and "that the 176 new plaintiffs will be bound by [the] decision to dismiss the
claims against the Union.")

15(a), 15(d), and 21. New Plaintiffs on consent of the O'Neill Defendants accordingly request the Court utilize the rule it deems most appropriate to facilitate adding parties against the O'Neill Defendants without affecting any prior service, orders, or judgments entered in the case or waiving any of the O'Neill Defendants' defenses, including personal jurisdiction, and to implement the parties' agreement. *See supra* 6-8.

    **(A)    New Plaintiffs Satisfy Rule 15(a).**

    "A party may make a Rule 15(a) amendment to add…parties to the action." Wright & Miller, *supra*, § 1474 and n.22 (collecting authorities). Leave to amend is a matter committed to the sound discretion of the District Court. Arab Afr. Int'l Bank v. Epstein, 10 F. 3d 168, 174 (3d Cir. 1993). However, the District Court must exercise such discretion consistent with Rule 15(a)'s mandate that "amendments are to be granted freely in the interests of justice." Voilas v. Gen. Motors Corp., 173 F.R.D. 389, 395-96 (D.N.J. 1997). Ordinarily, a District Court must therefore grant amendment absent "futility," "unfair prejudice," "undue delay," "dilatory motive," or "bad faith." Milanese v. Rusto-Leum Group, 244 F.3d 104, 110 (2d Cir. 2001). None of these grounds apply. Further, this motion is brought with the "opposing party's written consent," Rule 15(a)(2), and thus granting this motion is even further "in the interests of justice" than one not brought on consent.

    As noted by Magistrate Judge Netburn in her January 22, 2021 Report, ECF No. 6601 at 26, leave to amend may be denied where the proposed amendment would be futile or would result in prejudice to the opposing parties. Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D 142, 147 (S.D.N.Y. 2012). In this context, an amendment would be "futile" if the "complaint, as amended, would fail to state a claim upon which relief could be granted." In re NAHC, Inc. Sec. Lit., 306 F. 3d 1314, 1322 (3d Cir. 2002). This Motion is not futile because the remaining claims against the O'Neill Defendants have moved past motions to dismiss and there

are not final judgements against any O'Neill Defendants; indeed, most of the O'Neill Defendants are currently pursuing *Daubert* briefing prior to summary judgment and, as to DIB, the New Plaintiffs seek to be bound the Court's dismissal order (ECF No. 8911) and have the opportunity to join the remaining MDL plaintiffs in seeking a final judgment and taking an appropriate appeal.  And, as this Motion is brought on consent, New Plaintiffs and the O'Neill Defendants agree to defer briefing on any substantive issues involving the timeliness or viability of New Plaintiffs' claims to when plenary briefing is ordered on the case involving all MDL plaintiffs. The parties reserve all rights and arguments in connection with this later-contemplated plenary motion practice involving all MDL plaintiffs, subject to the parties' agreement.[7]

The O'Neill Defendants will also suffer no prejudice. "[P]rejudice" in this context arises when the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute…" Block v. First Blood Assocs., 988 F. 2d 344, 350 (2d Cir. 1993).  However, delay (and its necessary consequence litigation expense), without more, does not constitute prejudice. Block, 988 F.2d at 350-51; Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017).  To the contrary, time, effort and money expended in litigation do not, as a general matter, constitute prejudice that would justify denial of leave to amend.  McGee v. Doe, 568 Fed. Appx. 32, 40 (2d Cir. 2014).

The O'Neill Defendants will plainly not be prejudiced by the proposed amendment that creates administrative efficiency and to which they have consented: if an amended complaint is

---

[7]  For example, Plaintiffs reserve all arguments that their claims are timely, including all tolling arguments, such as class tolling, equitable tolling, and other tolling arguments, Congress's extension of any statute of limitations, the existence of tolling agreements and relation back principles, and any other legal theory and the *O'Neill* Defendants reserve their rights to challenge timeliness as well.

not permitted, the New Plaintiffs would originate new actions to assert their claims. DIB also notes that adding the New Plaintiffs by amendment, rather than through new complaints, is preferred to new complaints because an amended complaint would not alter DIB's existing disclosures regarding this ongoing litigation. For example, as an issuer of sharia-compliant bonds (sukuk) in the debt markets, DIB may be required to update its disclosures of new cases.

There is also no suggestion of bad faith or dilatory motive here. See Milanese, supra. Defendants have been aware from the outset that Putative Class Plaintiffs had claims. See Lacher v. Comm'r I.R.S., 32 Fed. Appx. 600 (2d Cir. 2002). And perhaps most importantly, granting the proposed amendment will largely continue the status quo -- except that the Putative Class Plaintiffs' status will change from that of putative class members to that of individual plaintiffs.[8]

It is essentially for these reasons that courts in similar cases have consistently (indeed, almost routinely) granted leave to include putative class members as individual plaintiffs following the denial of class certification; and the same result should follow here as well.  See Nelson v. Cty. of Allegheny, 60 F.3d 1010, 1011-12 (3d Cir. 1995) (noting, without disapproval, District Court order permitting motion to include class members as plaintiffs after class certification was denied); Voilas, 173 F.R.D. at 399 (D.N.J. 1997) (granting motion to amend on condition "that the Union need not file any responsive pleadings" and "that the 176 new plaintiffs will be bound by [the] decision to dismiss the claims against the Union."); Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 63 (D.N.J. 1996) (denying plaintiffs' motion for class certification, but granting their alternative request to include putative class members as

---

[8] Similarly, the small set of additional Injury Plaintiffs will largely continue the status quo, just adding these Plaintiffs to existing claims against the O'Neill Defendants.

plaintiffs); <u>Joshlin v. Gannett River States Publ. Corp.</u>, 152 F.R.D. 577, 579 (E.D. Ark. 1993) (denying class certification, but granting motion to include putative class members as plaintiffs).

The Court also has the authority to add or drop parties with conditions imposed. <u>See</u> Fed. R. Civ. P. 21 ("…the court may at any time, <u>on just terms</u>, add or drop a party.") (emphasis added); 7 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1688 and n.19 (3d ed.); <u>duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.</u>, 73 F.R.D. 313, 314 (S.D.N.Y. 1976) (collecting authorities for proposition that amendment under Rules 15 and 21 to add or drop parties may be made subject to conditions). Given the stated goal of adding parties without affecting any prior service, order or judgment entered in the case, and to effectuate the agreement of the parties, *see supra* 6-8, New Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable rule and subpart that accomplishes the parties' goals.

### (B)   New Plaintiffs Satisfy Rule 15(d).

As discussed above, the Court can authorize that additional parties be added under Rule 15(d), and this Court has done so previously without requiring new service. <u>Kotler v. Bosco</u>, No. 917CV0394GTSML, 2019 WL 12291097, at *4 (N.D.N.Y. Nov. 4, 2019) ("Courts in the Second Circuit routinely permit the addition of parties through the filing of a supplemental pleading pursuant to Civil Rule 15(d)."); <u>Jackson v. Odenat</u>, No. 09 Civ. 5583, 2012 WL 505551, at *3 (S.D.N.Y. Feb. 14, 2012); <u>McClean v. Scully</u>, No. 90 Civ. 2590, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (recognizing that relief under Civil Rule 15(d) "may include the addition of new defendants and new claims, if adequately related to the originally stated claims"); ECF No 247, ¶ 12. Courts often blur the distinction between an amendment and a supplement. 6A C. Wright and A. Miller, Federal Practice and Procedure § 1504 (3d ed.) ("Parties and courts occasionally confuse pleadings and mislabeling is common. However, these

misnomers are not of any significance . . . . the court's' inattention to the formal distinction between amendment and supplementation is of no consequence."); see In re Arred Elec'l Contracting Corp., 106 B.R. 353, 358-59 (Bankr. S.D.N.Y. Sept. 22, 1989) (treating motion to amend as a motion to amend or supplement). The standard for filing a supplemental complaint is the same as filing an amendment. Kotler v. Bosco, No. 917CV0394GTSML, 2019 WL 12291097, at *5 (N.D.N.Y. Nov. 4, 2019) ("Rule 15(d) motions are evaluated under the same liberal standards used to evaluate motions to amend pleadings under Rule 15(a)."); New York State Nat'l Org. for Women v. Cuomo, 182 F.R.D. 30, 36 (S.D.N.Y. 1998); Forbes & Wallace, Inc. v. Chase Manhattan Bank, 79 F.R.D. 563, 565 (S.D.N.Y. 1978).

For the same reasons discussed *supra* 8-13, New Plaintiffs satisfy the Rule 15(d) standard for supplementation. And given the goal of adding parties without otherwise affecting any prior service, orders, or judgments entered in the case and in effectuating the parties' agreement, *see supra* 6-8, New Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable rule and subpart that accomplishes the parties' goals.

**(C)     New Plaintiffs Satisfy Rule 21.**

Just like the Court can rely on Rule 15(a) or 15(d) to add parties, the Court can also rely on Rule 21. See Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."). The standard for adding a party under Rule 21 is similar if not identical to Rule 15. Kotler v. Bosco, No. 917CV0394GTSML, 2019 WL 12291097, at *4 (N.D.N.Y. Nov. 4, 2019) ("Addition of parties under Rule 21 is also guided by the same liberal standard as a motion to amend under Rule 15."); Fair Housing Development Fund Corp. v. Burke, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). For the reasons discussed *supra* 8-14, the Court should add New Plaintiffs as parties against the O'Neill Defendants.

14

(D)     **While New Plaintiffs Need Not Satisfy the More Exacting Rule 16(b) "Good Cause" Standard to Be Added as Parties Against the O'Neill Defendants, They Nevertheless Satisfy this Standard as Well.**

Where a district court has set a deadline for amending pleadings, "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline[.]" Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). However, a party need not show good cause when no deadline has been set or when a party does not seek to modify that deadline. See BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n, No. 14CIV10067KPFSN, 2017 WL 3610511, at *14 n.7 (S.D.N.Y. Aug. 21, 2017) ("it is not clear to the Court that [plaintiff] is required to show 'good cause' under Federal Rule of Civil Procedure 16(b)(4) 'since this latter provision pertains solely to motions to amend—not motions to supplement pleadings.'" (quoting Beckett v. Inc. Vill. of Freeport, No. 11 Civ. 2163 (LDW) (AKT), 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014)") (emphases in original); Watson v. Wright, No. 08 Civ. 960 (A)(M), 2011 WL 1118608, at *5 (W.D.N.Y. Jan. 11, 2011) ("Unlike motions to amend ...Rule 16's plain language does not require courts to set a deadline for filing a motion to supplement and the parties in this case did not set such a deadline in their Scheduling Order."), adopted by 2011 WL 1099981 (W.D.N.Y. Mar 24, 2011). Further, the good cause standard connotes "flexibility" in allowing relief from a scheduling order. The Advisory Committee states that this "liberal standard" was "included in recognition that the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel might be encouraged to request the longest possible time for completing pleading, joinder, and discovery because of a fear that an extension would be impossible." See § 1522.2 Modifying Scheduling Orders, 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2 (3d ed.); see also Advisory Committee's Note to the 1983 amendments to Rule 16.

Here, New Plaintiffs do not seek to depart from an existing scheduling order, so the "good cause" standard should not apply. Case Management Order #2 states that joinder of additional parties must be accomplished by December 31, 2004 using Rule 15(d), <u>without leave of the Court.</u> The Order never set a deadline to intervene or to file supplemental pleadings or to file a motion to add parties. Rather, Case Management Order #2 provided a method of adding parties using Rule 15(d) <u>without leave of the Court</u> up until a certain date. Similarly, the Order sets a deadline to amend pleadings under Rule 15(a) <u>without leave of the Court</u>, simply noting that Court approval would be required after July 31, 2005 (which was later extended to September 30, 2005). <u>See</u> ECF No. 247, ¶¶ 12-13. Accordingly, New Plaintiffs need not satisfy the "good cause" 16(b) standard to modify a scheduling order to be added as parties under Rule 15(a), (d), or Rule 21. <u>See</u> <u>Beckett</u>, 2014 WL 1330557, at *6; <u>Watson</u>, 2011 WL 1118608, at *5. Notwithstanding the forgoing, New Plaintiffs satisfy the "good cause" standard.

The "good cause" standard generally hinges on the diligence of the party seeking to be added and the prejudice it would cause the non-moving party, along with any other pertinent factor. <u>See</u> <u>Salomon v. Adderley Indus., Inc.</u>, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (good cause standard met to amend complaint); <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 243–44 (2d Cir. 2007). New Plaintiffs satisfy the good cause standard here, for myriad reasons including: (1) the Court has previously endorsed such amendments/supplementations to add parties even after the time limits set forth in Case Management Order #2 against other defendants in this MDL, including the Kingdom of Saudi Arabia, Sudan, the Taliban, and as to Iran, (2) New Plaintiffs do not seek to add new allegations or causes of action against the O'Neill Defendants, they just seek to join an existing lawsuit with identical allegations and bound by all prior dispositive and non-dispositive rulings, (3) Putative Class Plaintiffs could file new lawsuits

16

against the O'Neill Defendants pursuant to the <u>American Pipe</u> doctrine,[9] and (4) the O'Neill Defendants have consented to the motion to add parties following extensive negotiations. Plainly, New Plaintiffs satisfy the good cause standard under Rule 16(b), if it even applies.

Denial would also be contrary to the stated policy of Rule 15, which is to freely grant amendments in the interests of justice.

In sum, the New Plaintiffs easily satisfy the liberal standards for adding parties under Rule 15.  The Court should therefore grant leave to add parties to include the New Plaintiffs as individual plaintiffs in the <u>O'Neill</u> action.

## II.    CONCLUSION

For the reasons stated herein, the Court should grant the motion on consent for the New Plaintiffs to be added as individual plaintiffs to the <u>O'Neill</u> action, without affecting any prior service, orders, or judgments entered in the case, to implement the parties' agreement, *see supra* 6-8, and should grant such other and further relief as the Court deems just and proper.

BALANCE OF PAGE INTENTIONALLY LEFT BLANK

---

[9] As noted *supra* nn. 1-3, to the extent O'Neill Defendants challenge the timeliness of Putative Class Members claims, those disputes are preserved for plenary briefing.

17

Dated:   New York, New York          ANDERSON KILL P.C.
         February 15, 2024

                                     By:*/s/ Jerry S. Goldman*
                                     _____
                                          Jerry S. Goldman, Esq.
                                          Hon. Ethan Greenberg (Ret.)
                                          Bruce Strong
                                          Alexander Greene
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Tel:  212-279-1000
                                          Fax:  212-278-1733
                                          Email: jgoldman@andersonkill.com
                                                egreenberg@andersonkill.com
                                                bstrong@andersonkill.com
                                                agreene@andersonkill.com

                                          *Attorneys for New Plaintiffs*
                                          *and Original Plaintiffs*

docs-100669238.1