# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investments & Development Corp., et al.*, 04-CV-1923 (GBD) (SN)

### [PROPOSED] ORDER GRANTING MOTION BY NEW PLAINTIFFS AND ORIGINAL PLAINTIFFS TO ADD PARTIES AND RELATED RELIEF WITH CONSENT OF THE <u>*O'NEILL*</u> DEFENDANTS

Upon consideration of the motion brought with the consent of defendants Dubai Islamic Bank ("DIB"), World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively, "WAMY"), International Islamic Relief Organization ("IIRO"), Muslim World League ("MWL"), and Yassin Kadi ("Kadi") (collectively, "*O'Neill* Defendants") by the plaintiffs listed in Appendix 1 ("Putative Class Plaintiffs"), the Estate of John P. O'Neill, Sr., John P. O'Neill, Jr., Christine O'Neill, Carol O'Neill, and the Estate of Dorothy O'Neill (the "Original Plaintiffs"), and the plaintiffs listed in Appendix 3 ("the Injury Plaintiffs") (The Putative Class Plaintiffs and the Injury Plaintiffs are collectively referred to herein as "New Plaintiffs" and "New Plaintiffs" together with the "Original Plaintiffs" are referred to herein as "Plaintiffs."), the Memorandum of Law, and the Declaration of Jerry S. Goldman, Esq. (together with the attached exhibit) filed in support thereof, and the entire record herein, this Court finds that:

1.     The Plaintiffs have satisfied the requirements for adding parties under Fed. R. Civ. P. 15 and 21.

2.     The Court makes no finding on whether Plaintiffs need to establish good cause but nonetheless finds that Plaintiffs have established good cause for granting this motion.

THEREFORE, IT IS HEREBY

ORDERED that Plaintiffs' motion pursuant to Fed. R. Civ. P. 15 and 21 to add New Plaintiffs as plaintiffs to the operative pleading at ECF No. 1570 against the *O'Neill* Defendants pursuant to Fed. R. Civ. P. 15 and 21 is GRANTED; and it is further

ORDERED that Plaintiffs need not serve (or re-serve) the amended Complaint on the *O'Neill* Defendants; and it is further

ORDERED that all parties will be bound by all (i) prior and future dispositive and non-dispositive decisions in the case subject to applicable appellate rights, and (ii) all prior discovery orders, discovery schedules, and other scheduling orders.  New Plaintiffs will be in the same litigation position as the Original Plaintiffs who originally brought claims against DIB, WAMY, IIRO, MWL, and Kadi; and it is further

ORDERED that the amendment supplements by incorporation into, but does not displace, the underlying complaint; and it is further

ORDERED that the amendment does not affect any prior service, orders, or judgments entered in the case, and that prior service, orders, and judgments entered in the case remain in effect as to all parties; and it is further

ORDERED that no *O'Neill* Defendant waives any defenses, including but not limited to lack of personal jurisdiction, by allowing plaintiffs not to re-serve the *O'Neill* Defendants; and it is further

ORDERED that the *O'Neill* Defendants' prior responsive pleadings and motions to dismiss will be deemed to apply to the New Plaintiffs added through this motion. *O'Neill* Defendants preserve all rights to raise a defense, including but not limited to on the basis of

personal jurisdiction, even though no new motion to dismiss or answer is required to be filed in response to the amended pleading; and it is further

ORDERED that briefing on any substantive issues involving the timeliness or viability of New Plaintiffs' claims is deferred to when plenary briefing is ordered on the case involving all MDL plaintiffs; and it is further

ORDERED that unexpired statutes of limitations were tolled while this Motion was pending against the *O'Neill* Defendants and continue to be tolled for two weeks following entry of this Order; and it is further

ORDERED that notwithstanding any other provision herein or in any related filing, the New Plaintiffs will be bound by the DIB dismissal decision (ECF No. 8911) subject to existing appellate rights, can join in any Federal Rule of Civil Procedure 54(b) motion against DIB, may be parties in any subsequent appeal against DIB, and agree to be bound by any ruling (favorable or unfavorable) by any appellate court as to DIB; and it is further

ORDERED that notwithstanding any other provision herein or in any related filing, the New Plaintiffs and the *O'Neill* Defendants will be bound by the Court's decision at ECF No. 2312; and it is further

ORDERED that a subset of New Plaintiffs who are listed in Appendix 4 to the proposed updated Complaint, and who are all Anderson Kill clients, be added as parties against all defaulted defendants in *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investments & Development Corp., et al.*, 04-CV-1923, and that Case Management Order #2, ECF No. 247, ¶ 12 applies to these Putative Class Plaintiffs such that re-service by these plaintiffs on the defaulted defendants is not required; and it is further

ORDERED that Plaintiffs file the amended Complaint within 14 days of this Order.

docs-100669242.1

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. _____.

Dated:  New York, New York
        _____ __, 202_

                                                SO ORDERED:


                                                _____
                                                HON. SARAH NETBURN
                                                UNITED STATES MAGISTRATE JUDGE

4

docs-100669242.1