JEFFREY B. SIMON (CA, NY, TX)
DAVID C. GREENSTONE (CA, NY, TX)
CHRISTOPHER J. PANATIER (CA, PA, TX)
STUART J. PURDY (CA)
LEAH C. KAGAN (CA, NJ, NY)
CHARLES E. SOECHTING, JR. (PA, TX)
BRENDAN J. TULLY (NY)
DEBBIE BRYANT (TX)
TIFFANY N. DICKENSON (LA, MS, PA, TX)
JACEY L. HORNECKER (TX)

ASSOCIATES:
GREYSON ACKERMAN (TX)
MICHAEL DERUVE (NY)
ROBERT I. ELLIS (NJ, NY)
ERICA L. FALKNER (CA)
WHITNEY GAGE (TX)
CHRISTINA M. GUTIERREZ (NY)

MATTHEW G. LA SORSA (NY)
CHRISTINA MANCUSO (TX)
JENNIFER MONTEMAYOR (TX)
JODEE NEIL (TX)
ALBERT OGANESYAN (CA)
SHREEDHAR R. PATEL (AZ, CA, NY, TX)
HOLLY C. PETERSON (MD, NJ, NY, TX)
KATHRYN A. PRYOR (MO, NY, PA, TX)
MARY T. RAHMES (CA)
IYMAN STRAWDER (TX, CA)
FRANK J. WATHEN (TX)
SHAINA A. WEISSMAN (MA, NY)
MARC I. WILLICK (CA)

OF COUNSEL:
LISA M. BARLEY (CA)
ROBERT A. GREEN (CA)

# SimonGreenstonePanatier

TRIAL LAWYERS

ATTORNEYS & COUNSELORS AT LAW
A Professional Corporation
www.SGPTRIAL.com

PLEASE RESPOND TO THE NEW YORK OFFICE

March 12, 2024

VIA ECF
Hon. Margaret M. Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      RE:    John and Carolyn Pitcher vs. Union Carbide Corporation, et al.
               Civil Action: 1:22-cv-09813 (MMG)
               **Joint Letter Pursuant to the Court's Order and**
               **Proposed Third Amended Civil Case Management Plan**

Dear Judge Garnett:

Plaintiffs and Defendants jointly submit this letter in response to the Court's Order dated February 26, 2024. Additionally, the parties respectfully request an extension of the discovery deadlines as set forth and charted below.

1. **Names of counsel and current contact information, if different from the information currently reflected on the docket;**

Attached is the most up to date counsel list.

2. **A brief statement of the nature of the case and/or the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion**;

This is a personal injury asbestos case involving John Pitcher, a 87- year old who Plaintiffs allege, is suffering from sarcomatoid malignant mesothelioma of the pleura, a terminal cancer caused by exposure to asbestos. Plaintiffs allege Mr. Pitcher's mesothelioma was caused by his asbestos exposure to products manufactured, supplied and/or distributed by the Defendants. More specially, Plaintiffs contend Mr. Pitcher was exposed to asbestos through: i) his employment at IBM Owego (1965-1972) and IBM Austin (1979-1992) in the maintenance department where he worked with and around others working with asbestos-containing gaskets, packing, insulation and equipment; ii.)

| DALLAS (Primary Office): | HOUSTON: | LOS ANGELES: | NEW YORK: |
|---|---|---|---|
| 1201 Elm St., Suite 3400 | 440 Louisiana St., Suite 802 | 3760 Kilroy Airport Way, Suite 680 | 420 Lexington Avenue, Suite 2848 |
| Dallas, Texas 75270 | Houston, Texas 77002 | Long Beach, California 90806 | New York, New York 10170 |
| 214-276-7680 (T) | 713-405-1201 (T) | 562-590-3400 (T) | 212-634-1690 (T) |
| 214-276-7699 (F) | 214-276-7699 (F) | 562-590-3412 (F) | 214-320-0526 (F) |

his service in the Navy to gaskets, packing, insulation and equipment while on board the USS Joseph P. Kennedy (1956-1959); iii.) shade tree auto-mechanic work; iv.) his personal use of asbestos-contaminated talcum powder products; and v.) home renovation work.

The Defendants deny these allegations.

**Defendants contend, and Plaintiffs dispute, the following:**

- Under maritime law and state law, an equipment manufacturer is not liable to Plaintiff for failing to warn about the hazards of third-party asbestos-containing products used by the U.S. Navy with its equipment. *Air & Liquid Systems Corp. v. DeVries*, 139 S.Ct. 986, 995-96 (2019).

- Defendants, as private government contractors, not liable to Plaintiff for asbestos related design defects in military equipment that conformed to reasonably precise military specifications where the military exercised its discretion to approve warnings that conformed to military specifications. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988).

- Defendants did not have a duty to warn Plaintiff. Plaintiff was warned of the risk of exposure to asbestos and asbestos containing products and equipment. Plaintiff's use and exposure to Defendants' products was not the proximate cause of Plaintiff's injuries.

- The use of Defendants' products did not increase the risk of developing mesothelioma, generally and specifically in Plaintiff's case, as established by the relevant epidemiological and medical literature.

- The knowledge of other culpable actors, including Plaintiff's employers, was superior to Defendants, and their failure to take actions to prevent the alleged injuries and damages, was the superseding/intervening cause of Plaintiff's alleged injuries.

- Defendants' talcum powder products did not contain asbestos and were not formulated to contain asbestos, asbestos fiber, or asbestos materials as ingredients. Further, Plaintiff bears the burden to prove that any alleged talcum powder containing product he breathed was actually contaminated with asbestos. Defendants used state-of- the-art testing to ensure that its talcum powder products were not contaminated with asbestos. Additionally, even a "worst case" asbestos exposure scenario from the use of Defendants' talcum powder products would not increase the risk of developing

- mesothelioma. Moreover, the relevant epidemiological and medical literature do not establish that exposure to talcum powder can cause mesothelioma.

- At the time of Plaintiff's alleged asbestos exposure, the state of the medical, industrial, and scientific arts was that there was no generally accepted or recognized knowledge of hazardous conditions with the use of Defendants' products when used in the manner and for the purposes intended. As such, Defendants had no duty to warn Plaintiff, and to the extent such duty arose, adequate warnings and safeguard were already in place.

3. **A brief explanation of why jurisdiction and venue lie in this Court.**

This case was initially filed in the New York City consolidated asbestos docket (Index No. 190159/2022). Defendant Paramount Global removed this matter on November 17, 2022, pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). Congress has granted broad removal authority to any federal officer to remove state court claims under that removal provision, which "does not require the unanimous consent of the defendants," unlike removal under section 1441(a). *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004) (citing *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985)); see *Torres v. CBS News,* 854 F. Supp. 245, 246 & n.2 (S.D.N.Y. 1994). Defendant John Crane subsequently joined in the removal. The claims against Defendant Paramount Global have since been resolved.

Plaintiffs' asserted basis of venue is that defendants are foreign and domestic corporations doing business in New York and possess real property in New York. See "Standard Asbestos Complaint for Personal Injury No. 1," paras. 3, 5-8.

4. **A statement of all existing deadlines, due dates, and/or cut-off dates;**

Below is a chart with the deadlines under the current case management plan, and new proposed deadlines. The parties agree additional time is needed to complete fact and expert discovery. Including but not limited, several Defendants have requested extensions to respond to Interrogatories and Requests for Productions, and other Defendants have informed Plaintiffs that documents are available at certain repositories, which Plaintiffs are seeking access. Defendants are in the process of obtaining all of Plaintiffs' continued medical records and materials, Navy and other records. Plaintiffs are also in the process of scheduling Rule 30(b)(6) depositions of Defendants. Furthermore, the parties need time for expert discovery, including serving expert reports and reviewing Mr. Pitcher's pathology. The parties respectfully propose the following case management plan:

| **Amended Civil Case Management Plan Dates and Deadlines [Doc. 290]** | **Third Amended Civil Case Management Plan** |
|---|---|
| 4/1/2024 | All fact discovery shall be conducted no later than **September 6, 2024**. See, Paras. 6(e) and (f) [Doc.87]. |
| 4/15/2024 | Plaintiff's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than **September 20, 2024**. See, Para. 7(a) [Doc. 87]. |
| 5/8/2024 | Defendant's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than **October 11, 2024**. See, Para. 7(b) [Doc.87]. |
| 6/21/2024 | All expert discovery, including expert reports and depositions, shall be completed no later than **December 20, 2024**. See, Paras. 7(c) and (d) [Doc.87]. |
| 6/21/2024 | All discovery must be completed no later than **December 20, 2024**. See, Para. 11 [Doc.87]. |
| 7/16/2024 | The Court will conduct a post-discovery pre-trial conference on _____. [to be completed by the Court.] No later than one week in advance of the conference, the parties are to submit a joint two-page letter updating the Court on the status of the case, including but not limited to whether efforts have been made to settle the action. This conference will either serve as a pre-motion conference (in the event any party intends to move for summary judgment, see Section 3.I of the Court's Individual Rules and Practices in Civil Cases) or will be used to set a trial date and dates for pretrial submissions. See, Para. 13 [Doc.87]. |

If this joint application meets Your Honor's approval, the parties respectfully request the same be so ordered by the Court.

5. **Brief Description of any Outstanding Motions –** None.

6. **A statement and description of any pending appeals –** None.

7. **A detailed statement of any discovery that has already taken place, including how many depositions each party has taken and what, if any, discovery remains that is necessary for the parties to engage in meaningful settlement negotiations;**

Mr. Pitcher was deposed in this case over 15 days between May 16, 2023, and June 29, 2023. On August 16, 2023, the Court granted Plaintiffs' motion for leave to amend their complaint and to add additional parties, [Doc. 216] an Amended Complaint was filed, and Mr. Pitcher was produced for a limited deposition on September 13, 2023. Plaintiffs do not anticipate any additional product identification witnesses, however there are witnesses that will testify about Mr. Pitcher's medicals and pain and suffering.

As set forth in Paragraph 4 above, Plaintiffs are still obtaining responses to written discovery and document requests from Defendants. Plaintiffs also intend to take Rule 30(b)(6) depositions of Defendants. Expert discovery is still ongoing.

8. **A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;**

Settlement discussions are active with many defendants and several claims have been resolved.

9. **A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a**

settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;

After the close of fact discovery, the parties can better advise if a settlement conference before a Magistrate Judge or Mediation is appropriate.

10. **An estimate of the length of trial** -- The parties will be in a better position to advise Your Honor once fact discovery is completed.

11. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.** – Not at this time.

As always, we are available if Your Honor has any questions, or concerns, or would like to discuss this further.

Respectfully submitted,

SIMON GREENSTONE PANATIER, PC

*Robert Ellis*
Robert Ellis, Esq.
For Plaintiffs, John and Carolyn Pitcher

BARRY MCTIERNAN & MOORE LLC

Joseph DiGregorio, Esq.
For Defendant, John Crane Inc.

---

It is hereby ORDERED that the Civil Case Management Plan shall be amended as follows: the close of fact discovery shall be **September 6, 2024**.

Counsel for all parties shall appear for a post-fact-discovery conference with the Court on **Tuesday, October 1, 2024, at 9:30 a.m.** The conference will be held in person in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. No later than **September 24, 2024**, the parties shall submit a joint letter, not to exceed three pages in length, describing the status of the case, the prospect for settlement, the need for any expert discovery, the anticipated length of trial, and whether the parties desire to pursue any other forms of alternative dispute resolution. Alternatively, if any party wishes to move for summary judgment, it shall follow the procedures laid out in Rule II(B)(9) of the Court's Individual Rules.

Any deadlines related to expert discovery shall be adjourned pending the post-fact-discovery conference.

SO ORDERED. Date: 3/13/2024.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE