# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: 2028795572
scottreau@jonesday.com

Via ECF

December 30, 2024

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD) (SN)

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, 03-cv-06978
*Thomas E. Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 04-cv-07065
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-07279

Dear Judge Daniels:

      Defendant Dubai Islamic Bank ("DIB"), with the consent of the Plaintiffs' Executive Committees and counsel representing all remaining plaintiffs in the six cases listed above, writes to jointly request that the Court enter final judgment under Rule 54(b) with respect to defendant DIB. This Court dismissed DIB from all claims asserted against it in all six actions that remained pending against it pursuant to the Court's Memorandum Decision and Order of March 9, 2023 ("March 2023 Order"). *See* ECF No. 8911. The parties respectfully submit that reducing these dismissals to final judgments is the appropriate course of action here.

      In its March 2023 Order, the Court held that it lacked personal jurisdiction to adjudicate the pending claims asserted against DIB. Thereafter, DIB and Plaintiffs' counsel agreed to permit an amendment to the *O'Neill* complaint to permit new plaintiffs—largely consisting of putative class members whose certification had been denied (ECF No. 9243)—to be added to the *O'Neill* case. This amendment was made with the understanding such new plaintiffs (along with all other existing plaintiffs with claims against DIB) would be bound by the March 2023 Order and would seek to reduce DIB's dismissal to a final judgment. ECF No. 9583. The Court granted the request for amendment (ECF No. 9643) and the *O'Neill* complaint has since been amended to add these

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

VIA ECF
Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)

Page 2

plaintiffs (ECF No. 9655). Thus, the parties (including the new *O'Neill* plaintiffs) hereby seek this Court's permission to finalize the judgments dismissing DIB.

Federal Rule of Civil Procedure 54(b) provides, in relevant part, as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Rule 54(b) seeks to reduce the "serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered." *Ginett v. Computer Task Group Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992). Final judgment pursuant to Rule 54(b) is appropriate when three conditions are met: (1) "multiple *parties* must be present"; (2) "the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291"; and (3) "no just reason for delay" exists. *Id.* at 1091.

All three conditions are met. <u>First</u>, all six remaining cases naming DIB as a defendant in this MDL involve multiple defendants. <u>Second</u>, this Court's March 2023 Order finally dismissed all claims asserted against DIB in these cases. This constitutes a final determination of DIB's rights and liabilities because it "ends the litigation" of those claims. *Ginett,* 962 F.2d at 1983. *See also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 173630, at *3 (S.D.N.Y. Dec. 31, 2015) ("[D]ismissal for lack of personal jurisdiction finally determined all of [Defendant's] rights and liabilities.").

<u>Third</u>, no just reason for delay exists. In considering this third factor, district courts "take into account judicial administrative interests as well as the equities involved." *Barboza v. Village of Liberty*, 2016 WL 8653502, at *2 (S.D.N.Y. Jan. 21, 2016) (internal quotation marks omitted). Plaintiffs in these actions intend to appeal DIB's dismissal. An immediate appeal will better serve the "judicial administrative interests." *Id*. The claims against DIB are "separable from the others remaining to be adjudicated" involving other defendants. *Id.* Moreover, no other claims remain pending against DIB and thus a final judgment in these six actions would promote a single appeal regarding all claims against DIB.

Further, absent entry of a Rule 54(b) judgment, the already-dismissed DIB will be unable to seek repose after decades of litigation, and the plaintiffs will be unable to seek appellate review of the Court's dismissal order until the full scope of the remaining proceedings against all defendants have concluded. *See Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years, there was no

JONES DAY

VIA ECF
Re: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (S.D.N.Y.) (GBD) (SN)

Page 3

just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed"); *Gaind v. Pierot*, 2006 WL 2255227, at *2 (S.D.N.Y. Aug. 7, 2006) (granting partial final judgment where "Any further delay would prejudice the [] Defendants by leaving the matter unresolved for the additional, possibly lengthy period that will be required to adjudicate the claims against [the remaining defendants]"). To the extent the Second Circuit affirms its dismissal, DIB should be entitled to finality of relief as soon as possible, without the additional costs of continuing to participate in this MDL proceeding. *See Lombard v. Economic Dev. Admin. of Puerto Rico*, 1998 WL 273093, at *1 (S.D.N.Y. May 27, 1998) (noting that "if entry of a final judgment were delayed … in all likelihood [dismissed defendants] would incur additional litigation costs."). If the Second Circuit reverses DIB's dismissal, Plaintiffs' position is that they should be entitled to promptly secure any relief to which they are entitled and DIB's position is that DIB should be able to move for dismissal and other appropriate Court action in a manner consistent with any such ruling.

This Court has also repeatedly certified entry of partial final judgment in this MDL after dismissals based on lack of personal jurisdiction. *See* ECF Nos. 1554, 1594, 4030.

The parties respectfully submit the entry of a final judgment under Rule 54(b) as to DIB is warranted under these circumstances. A proposed Order is enclosed for the Court's consideration.

We thank Your Honor in advance for the Court's attention to this matter.

        Sincerely,

        */s/ Steven T. Cottreau*
        Steven T. Cottreau
        JONES DAY
        51 Louisiana Ave N.W.
        Washington, D.C. 20001
        scottreau@jonesday.com
        202-879-5572
        *Counsel for Defendant Dubai Islamic Bank*